AMERICAN SMALL BUSINESS
LEAGUE, Plaintiff-
Appellant,

v.

Maria CONTRERAS-SWEET, in her ca-
pacity as Administrator of the United
States Small Business Administration,
Defendant-Appellee.

No. 16-17096

United States Court of Appeals,
Ninth Circuit.

Submitted February 13, 2018 *
San Francisco, California

Filed February 16, 2018

Robert E. Belshaw, Esquire, Robert
Belshaw, San Francisco, CA, Jonathan W.
Cuneo, Cuneo Gilbert & Laduca, LLP,
Washington, DC, for Plaintiff-Appellant

Michael Thomas Pyle, Assistant U.S. At-
torney, DOJ—Office of the U.S. Attorney,
San Jose, CA, Michael Raab, Thais-Lyn
Trayer, DOJ—U.S. Department of Justice,
Washington, DC, for Defendant-Appellee

Before: HAWKINS and TALLMAN,
Circuit Judges, and JACK,** District
Judge.

---

\* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

\*\* The Honorable Janis Graham Jack, United
States District Judge for the Southern District
of Texas, sitting by designation.

## MEMORANDUM \*\*\*

The American Small Business League
(the "League") appeals the jurisdictional
dismissal of its complaint. We have juris-
diction under 28 U.S.C. § 1291 and affirm.

When a statute does not specifically
make agency action reviewable, the Ad-
ministrative Procedure Act ("APA") limits
the right of judicial review to "final" agen-
cy action. 5 U.S.C. § 704. To be "final,"
agency action must be: (1) the "consumma-
tion" of the agency's decisionmaking pro-
cess, not merely a tentative or interlocu-
tory decision; and (2) one by which "rights
or obligations have been determined," or
from which "legal consequences will flow."
*Bennett v. Spear*, 520 U.S. 154, 177–78, 117
S.Ct. 1154, 137 L.Ed.2d 281 (1997) (cita-
tions omitted).

The Small Business Act directs the
President to "establish Governmentwide
goals for procurement contracts awarded
to small business concerns," which "shall
be established at not less than 23 percent
of the total value of all prime contract
awards for each fiscal year." 15 U.S.C.
§ 644(g)(1)(A), (i). The Act also requires
federal agencies to set individual goals, *id.*
§ 644(g)(2)(A), and directs the Small Busi-
ness Administration ("SBA") to submit an
annual report to the President and Con-
gress explaining whether federal agencies
achieved these goals, *id.* § 644(h)(2)(B)-
(C). If any agency's goal is not met, the
SBA Administrator must include in the
SBA's annual report: (1) the reason the
goal was not achieved; and (2) "a descrip-
tion of actions planned by the applicable
agency to address such failure, including
the Administrator's comments and recom-

---

\*\*\* This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

mendations on the proposed remediation plan." *Id.* § 644(h)(2)(D). Here, the League argues that the SBA's fiscal year 2015 report does not comply with the Act because the SBA represented that agencies met their goals based on miscalculations and, thus, did not include the aforementioned information in its report.

The SBA report is plainly not a final agency action and is therefore not subject to judicial review under the APA. *See Bennett*, 520 U.S. at 177–78, 117 S.Ct. 1154. This "purely informational" report is "primarily a tool for [Congress'] own use, without cognizable legal consequences." *Guerrero v. Clinton*, 157 F.3d 1190, 1195, 1197 (9th Cir. 1998); *see also Renee v. Duncan*, 686 F.3d 1002, 1017 (9th Cir. 2012).[1] Although an agency must formulate a remediation plan if it does not reach its goal, 15 U.S.C. § 644(h)(1)(D), there is no statutory obligation to follow the formulated plan. "Having requested the report, Congress, not the judiciary, is in the best position to decide whether it's gotten what it wants." *Guerrero*, 157 F.3d at 1195. The district court thus correctly held it lacked subject matter jurisdiction.

**AFFIRMED.**

---

1. For the same reason, the League lacks standing. *See Guerrero*, 157 F.3d at 1194–95 ("[T]he relief requested (a better report) cannot make any legal difference that will redress [the alleged] injury[.]").